UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH HARDESTY** | **NO.: 2:13-CV-293** |
| **VERSUS** | |
| | **JUDGE PATRICIA MINALDI** |
| **WATERWORKS DISTRICT NO. 4 OF WARD FOUR, OCCIE NORTON, KENNY COCHRAN AND OLLIE L. "JOHNNY" JOHNSON, III** | **MAG. JUDGE KATHLEEN KAY** |

### PRETRIAL STATEMENT ON BEHALF OF DEFENDANTS, WATERWORKS DISTRICT NO. 4 OF WARD FOUR, OCCIE NORTON, KENNY COCHRAN, AND OLLIE L. JOHNSON, III

Counsel for defendants, Waterworks District No. 4 of Ward Four, Occie Norton, Kenny Cochran and Ollie L. Johnson, III, submits the following Pretrial Statement to the Court and opposing counsel:

**I.  Jurisdiction:**

Plaintiff, Keith Hardesty ("Hardesty") asserts a First Amendment claim pursuant to 42 U.S.C. § 1983. This Court, therefore, has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.

**II.  Additional Pleadings to be Filed before Trial:**

Defendants know of no such pleadings except for routine trial pleadings like pretrial memoranda, jury charges, proposed jury verdict form, and objections.

**III. Pending Motions:**

Defendants have filed a Motion *In Limine* (Rec. Doc. No. 50) seeking to exclude certain evidence and references at trial.

**IV. Brief Summary of Case:**

Defendant, District 4, is a political subdivision of the State of Louisiana established pursuant to La. R.S. 33:3811 *et seq*. District 4 provides water service to an unincorporated area of Calcasieu Parish outside the city limits of the City of Westlake. District 4 is governed by a five member Board of Commissioners ("BOC"). The individual defendants, Norton, Cochran, and Johnson, were members of the BOC at all material times.

Plaintiff, Hardesty, is a 65 year old male who served as District 4's general manager from January 1, 1974 until his termination on January 16, 2012. Hardesty, during his tenure, ran all aspects of District 4's daily operations, supervised its employees, interfaced with its customers, and was generally the public face of District 4. Hardesty was not a member of the classified civil service, but was an "at will" employee.

Over the years, Hardesty became used to the "good old boy" way of doing things at District 4. The individual defendants, Norton, Cochran, and Johnson, were relative newcomers to the BOC. As they tried to bring a more business-like manner of operations to District 4 (including bringing it into compliance with state and federal laws), the individual defendants met with resistance from Hardesty and one

long-time BOC member, Richard Hebert. Over a period of approximately four years, Hardesty's clashes with, and defiance of, the BOC escalated.

At a February 2011 BOC meeting, Johnson suggested that the BOC explore all options, including a potential merger with the City of Westlake Water System, before the BOC approved a $2 million bond issue which would greatly indebt District 4. Despite the fact that Hardesty was not at that meeting, he subsequently believed that it was his duty as District 4's manager to spread the word amongst District 4's customers that the BOC (particularly the individual defendants) was trying to "give away" District 4's water system to the City of Westlake. The statements that Hardesty made concerning this matter were intentionally and recklessly false.

In 2008, the BOC had instructed Hardesty to begin teaching his underling, Brian Myers ("Myers"), how to operate District 4's backhoe. This was particularly important because if Hardesty were sick or unavailable, District 4 needed personnel who could run the backhoe. For over two years, Hardesty procrastinated and and did not follow the BOC's instruction in this regard. Finally, in April of 2011, the BOC questioned the progress that Hardesty was making with Myers on the backhoe. At that time, Hardesty discussed the matter in Executive Session with the entire BOC. When the BOC emerged from Executive Session, Johnson moved that Hardesty be terminated if his defiance continued. The BOC unanimously voted in favor of Johnson's motion.

As time progressed, more and more misconduct on Hardesty's part came to light. He was using District 4 property for personal use. He was hiring his son in

violation of Louisiana ethics laws. He purchased materials in violation of Louisiana bid law. He went home while he was still "on the clock" and he violated various District 4 policies. Finally, in the beginning of 2012, the BOC had enough.

On January 16, 2012, the BOC held a meeting. Hardesty was given notice of the meeting and attended with his counsel. They went into Executive Session with the BOC where Hardesty was given a list of reasons why the BOC was dissatisfied with him and was going to terminate him. The Board returned to Open Session and the three individual BOC members carried the motion which terminated Hardesty.

Hardesty, naturally, could not accept the fact he was terminated for misconduct. He blamed his termination on the fact that he had made false statements that the BOC was trying to "give away" District 4's water system to the City of Westlake. These statements are the basis for Hardesty's First Amendment claim.

V. **Issues of Fact:**

1. Whether defendants ever stated that they were going to "give away" the water system?

2. Whether Hardesty made the statement that the BOC was going to "give away" the water system pursuant to his duties at District 4?

3. Whether the statement that the BOC was going to "give away" the water system was false?

4. Whether the statement that the BOC was going to "give away" District 4's water system was the cause of Hardesty's termination?

5. Whether Hardesty engaged in misconduct in violation of policies and Louisiana state law including, but not limited to:

    5.1 Violations of Louisiana ethics laws;

    5.2 Violations of Louisiana Public Bid Laws;

      5.3    Violations of Louisiana laws relating to public payroll improprieties;

      5.4    Violating Louisiana laws and constitution by using District 4 funds for private purposes;

      5.5    Violating Louisiana laws and District 4 policies regarding use of his position to coerce members of the public;

      5.6    Violation of District 4'spolicies relating to timekeeping, smoking, cell phone use, vehicle use and uniforms; and

      5.7    Violations and defiance of the BOC's instructions, orders and warnings?

6. Whether the actions cited in the previous paragraph(s), and others, were the reason that Hardesty was terminated?

7. Whether Hardesty's termination was motivated or caused by the statement he made regarding the potential "giveaway" of the water system?

8. Whether Hardesty sustained any damages as a result of his termination?

9. Whether Hardesty's First Amendment rights were violated?

10. Whether the individual defendants' actions were objectionably reasonable?

11. Whether the violation of Hardesty's constitutional rights, if any, was reckless or wanton such as to support an award of punitive damages?

12. Whether, in the event of a finding of liability, Hardesty would be entitled to recover any future lost wages?

13. Any and all issues of fact which are implicit in the issues of law listed below.

**VI.**   **Issues of Law:**

1. Whether Hardesty's alleged speech was protected by the First Amendment?

2. Whether the individual defendants are entitled to qualified immunity?

3. Whether the defendants are liable for the violation of Hardesty's First Amendment rights?

    4.      Whether defendants' actions caused any damage to Hardesty?

    5.      Whether Hardesty is entitled to an award of past or future lost wages?

    5.      Whether Hardesty is entitled to an award of punitive damages against the individual defendants?

    6.      Whether, if Hardesty's claims are dismissed, defendants are entitled to an award of attorney's fees against Hardesty?

**VII.**    **List of Witnesses:**

Will Call:

1. Occie Norton
   Waterworks District No. 4
   2435 Westwood Road
   Westlake, LA   70669

2. Kenny Cochran
   25654 Plantation Ave.
   Denham Springs, LA 70726

3. Ollie L. "Johnny" Johnson, III
   Waterworks District No. 4
   2435 Westwood Road
   Westlake, LA   70669

4. Brian Myers
   1124 Hilma Street
   Westlake, LA   70669

May Call:

1. Crystal Broussard
   Office Manager for Waterworks District No. 4
   2435 Westwood Road
   Westlake, LA   70669

2. Keith Hardesty – on cross examination
   1316 Beech Street
   Westlake, LA

3. Charles Saxby
   930 Shafer
   Westlake, LA 70669

4. Henry J. "Joey" Glass
   3008 Bowie Street
   Westlake, LA 70669

5. Hal McMillian
   Calcasieu Parish Police Jury
   1423 N. Beech Street
   Westlake, LA 70669

6. Bryan C. Beam
   Parish Administrator
   Parish Government Building
   1015 Pithon Street, 2nd Floor
   Lake Charles, LA 70602

7. Robert S. Kleinschmidt, Jr.
   Calcasieu Parish District Attorney's Office
   901 Lake Shore Drive, 6th Floor
   Lake Charles, LA 70601

8. Michael L. "Tubby" Bergeron, Sr.
   1221 Sampson Street
   Westlake, LA 70669

9. Susan Johnson – Johnny Johnson's wife
   556 Anne Terrace Drive
   Westlake, LA 70669

10. Lee Lancon
    905 McKinley Street
    Westlake, LA 70669

11. Colleen Matte
    9029 Simon Lebleu Road
    Lake Charles, LA 70607

12. Vickie Hillard
    Receptionist for Waterworks District No. 4
    2435 Westwood Road
    Westlake, LA   70669

13. Robert Mayo
    3137 Debra Lane
    Westlake, LA 70669

14. Allen Smith, Jr.
    Plauche, Smith & Nieset, LLC
    1123 Pithon Street
    Lake Charles, LA 70602

15. Richard Hebert
    Waterworks District No. 4
    2435 Westwood Road
    Westlake, LA   70669

16. Shari K. Williamson
    2527 Davis Road
    Westlake, LA

17. Ronnie Williamson
    3149 Charlotte Avenue
    Westlake, LA

18. Patricia Gotte
    2625 Alford Road
    Westlake, LA  70669

19. Doug Fleming
    248 Jones Road
    Lake Charles, LA 70611

20. Mike Borel
    Waterworks District No. 4
    2435 Westwood Road
    Westlake, LA   70669

21. Mayor Daniel Cupit
    1001 Mulberry Street
    Westlake, LA 70669

22. Richard Harrison
    Calcasieu Parish Sheriff's Office
    5400 E. Broad St.
    Lake Charles, LA 70615

    23.    District Attorney John Derossier
            P.O. Box 3206
            Lake Charles, LA  70602

**VIII.** **Exhibits:**

    1.    Audio recordings of BOC meetings including, but not limited to:

        A.    May 10, 2010;

        B.    February 14, 2011;

        C.    March 2, 2011

        D.    March 14, 2011

        E.    April 12, 2011;

        F.    April 18, 2011;

        G.    June 13, 2011;

        H.    July 11, 2011;

        I.    August 8, 2011

        J.    September 12, 2011

        K.    October 17, 2011;

        L.    November 14, 2011;

        M.    December 12, 2011;

        N.    January 9, 2012;

        O.    January 16, 2012;

        P.    February 13, 2012;

        Q.    March 12, 2012;

    2.    Minutes of Meetings of Board of Commissioners including, but not limited to:

      A.      March 17, 2008 (Hardesty Depo, Ex. 12; Bates No. WW 189);

      B.      October 20, 2008 (Hardesty Depo. Ex. 3; Bates No. WW 194);

      C.      November 10, 2008 (Hardesty Depo, Ex. 4; Bates No. WW 195);

      D.      December 8, 2008 (Hardesty Depo, Ex. 11; Bates Nos. WW 254-255);

      E.      January 12, 2009 through December 10, 2012 (Hardesty Depo. Ex. 2; Bates Nos. WW 496-567)

3. Employee Handbook (Bates Nos. WW 309-326)

4. Memo from Kenny Cochran re: Bid Law Violation (Hardesty Depo. Ex. 6; Bates No. WW 118);

5. Material purchase quotes from Rural Pie, Coburn's, Jessco, Lafayette Winwater, Southern Pipe and Louisiana Utility (Hardesty Depo. Ex. 7; Bates Nos. WW 126-130);

6. Brandon Hardesty Weekly Timesheet for 11-20-11 (Hardesty Depo. Ex. 8; Bates Nos. WW 229);

7. Pumpelly Tire Invoice (Hardesty Depo. Ex. 9; Bates No. WW 176)

8. November 3, 2008 Letter from Terry Manuel to the BOC re: moonlighting (Hardesty Depo., Ex. 10; Bates No. WW 257);

9. District 4 Guidelines for use of Assigned Vehicles (Hardesty Depo, Ex. 13; Bates No. WW 308);

10. District 4 Motor Vehicle Operators Policy (Bates Nos. WW 94-95)

11. Hardesty October 2011 Cell Phone Bill (Hardesty Depo, Ex. 15; Bates No. WW 97);

12. Hardesty November 2011 Cell Phone Bill (Bates No. WW 303)

13. District Cellular Phone Policy 09/08/98 (Bates No. WW 96);

14. Herbert's handwritten List of hours worked for Herbert (Hardesty Depo, Ex. 17);

15. Keith Hardesty's Timesheet dated 08/08/10 (Hardesty Depo, Ex. 22; Bates No. WW 190);

16. Keith Hardesty's Timesheets 10-23-11 to 01-22-12 (Hardesty Depo, Ex. 21; Bates Nos. WW 207-220);

17. July 12, 2011 Letter from Hardesty's counsel, James Spruell, Esq., to Cochran requesting documents (Bates No. WW 342);

18. October 17, 2011 Letter from Hardesty's counsel, James Spruell, Esq., to BOC regarding notice of executive session (Bates Nos. WW 43-45);

19. Affidavit of Henry Joseph Glass dated 6/12/12 (Bates No. WW 187);

20. Rules Governing Personal Conduct of Employees (Bates No. WW 242-243);

21. Hardesty Employee Performance Review (Bates No. WW 249-250);

22. July 22, 1998 Letter from Terry Manuel, Esq. to BOC regarding private work for Board Member (Bates No. WW 256);

23. October 14, 2008 Memo from McMillan to McMurray regarding administrative issues (Bates No. WW 258-259);

24. Agenda and Minutes of February 2, 2012 Regular Meeting of the Calcasieu Parish Police Jury (Bates Nos. CPPJ 000001-000029);

25. 11/16/11 Letter from Keith Hardesty to Tracy Barker of LA Board of Ethics requesting nepotism advisory opinion (Bates No. WW 570);

26. 1/11/12 Letter from Tracy Barker of LA Board of Ethics with opinion on nepotism (Bates Nos. WW 572);

27. 7/31/12 Statement of Veronica Hilliard (Hardesty Depo, Ex. 16; Bates No. WW 164);

28. 8/3/12 Letter from Mike Borel to Friends and Neighbors of Back Bay (Hardesty Depo, Ex. 19; Bates No. WW 22);

29. Employment records from Sun Contracting & Maintenance (Certification + Bates Nos. SC & M 000001- 000012);

30. Employment records from Sun General Contractor (Certification + Bates Nos. SGC 000001 – SCG 000105);

31. Employment records from Westlake Memorial Park Cemetery (Certification + Bates Nos. WMPC 000001 – 000041);

32. Employment records from Blake D. Hines, Inc.;

33. Tax Returns of Keith Hardesty:

    A. 2009 (Bates Nos. IRS 000001-000009);

    B. 2010 (Bates Nos. IRS 000010-000016);

    C. 2011 (Bates Nos. IRS 000017-000022);

    D. 2012 (Bates Nos. IRS 000023-000030);

34. Social Security Earnings Records of Keith Hardesty (Bates Nos. SSA 000001-000003);

35. Timeline of events by Colleen Matte (Hardesty Depo, Ex. 14; Bates Nos. WW 158-159);

36. E-mails between Water Works District No. 4 Board Members including but not limited to:

    A. March 7, 2011 e-mail thread between Occie Norton, Johnny Johnson and others regarding costs saving (Bates Nos. WW 598-602);

    B. April 5, 2011 e-mail from Johnny Johnson to Joey Glass regarding Keith Hardesty's employment (Bates No. WW 613);

    C. April 6, 2011 e-mail thread between Occie Norton, Johnny Johnson and Joey Glass with list of deficient job performances (Bates Nos. WW 596-597);

    D. April 18, 2011 email thread between Occie Norton, Johnny Johnson and Kenny Cochran regarding probation based on performance (Bates No. WW 595);

    E. May 4, 2011 e-mail thread between Occie Norton, Hal McMillin, Johnny Johnson and Kenny Cochran regarding defiance of the water board (Bates Nos. WW 584-585);

    F. May 4, 2011 email thread between Occie Norton, Hal McMillin, Johnny Johnson and Joey Glass regarding defiance of water board (Bates No. WW 583);

    G. May 18, 2011 email thread between Johnny Johnson, Occie Norton, Joey Glass, Kenny Cochran and Richard Hebert regarding revamping water system (Bates Nos. WW 616-617);

    H. September 13, 2011 email thread between Johnny Johnson and Joey Glass regarding continued defiance of water board (Bates Nos. WW 611-612);

    I. October 17, 2011 email from Johnny Johnson to Occie Norton and Kenny Cochran regarding land situation and continued defiance of water board (Bates No. WW 618);

    J. October 17, 2011 email thread between Johnny Johnson to Bob Kleinschmidt, Kenny Cochran, Occie Norton, Joey Glass, Richard Hebert regarding inviting Mr. Hardesty's lawyer to board meeting to answer questions (Bates Nos. WW 605-606).

37. September 13, 2011 Notice of Executive Session to be held on October 17, 2011 to Keith Hardesty (Bates No. WW 610);

38. Documents from Waterworks District No. 4, which include board meeting minutes (Bates Nos. WW 1-626);

39. Any and all written discovery and responses by any party;

40. Any and all depositions taken in this case;

41. Any and all pleadings filed into the record;

42. Any and all exhibits listed by any other party; and

43. Any and all exhibits necessary to rebut any evidence presented by defendants.

## IX. <u>Depositions</u>:

Defendants do not intend to put on any testimony by deposition.

## X.     Stipulations:

The following stipulations were taken from the materials facts that were not disputed in connection with defendants' motion for summary judgment:

1. District 4 is a political subdivision of the State of Louisiana that provides water service to an unincorporated area of Calcasieu Parish outside of the City of Westlake.

2. District 4 is governed by a five member Board of Commissioners ("BOC").

3. Plaintiff, Keith Hardesty ("Hardesty"), was hired as District 4's manager on January 1, 1974. In this capacity, Hardesty answered only to the BOC, supervised District 4's three other employees, and ran all aspects of District 4's daily operations.

4. Hardesty's specific duties included: public relations with customers, attending all BOC meetings, interfacing with other governmental entities like the fire department, interfacing with outside consultants like engineers and lawyers, investigating funding options such as taxes for system improvements, negotiating the acquisition of property for facilities, insuring adequate back-up and resources in the event of emergency, obtaining cost estimates for materials and work, and handling all repairs, maintenance and upgrades to the water system.

5. The individual defendants, Norton, Cochran, and Johnson, were BOC members. The remaining two BOC members were Richard Hebert and Board Chairman, Henry Glass. Compared to Hebert and Glass, the individual defendants were relative newcomers to the BOC.

6. Hardesty was on vacation and did not attend the BOC's February 2011 meeting.

7. On March 2, 2011, the BOC held a special meeting and addressed the concerns of District 4 customers who believed that the BOC was going to "give away" the water system. At that meeting, the BOC explained to the irate customers that the allegation that they were planning to "give away" the water system was not true.

8. In the beginning of 2012, BOC Chairman Glass resigned.

9. At the January 16, 2012 regular meeting of the BOC, the four remaining BOC members were present. After going into Executive Session with Hardesty and his lawyer, the BOC emerged into public session. There was a motion to terminate Hardesty. All three of the defendants voted in favor of that motion. The remaining BOC member, Hebert, voted against the motion and is not a defendant.

10. Hardesty is presently employed by Sun Construction Company.

## XI. **Estimated Length of Trial**:

4 days.

## XII. **Other Matters that Should be Made Known to the Court**:

Defendants presently know of no other matters that should be made known to the Court.

Date: March 21, 2016       Signature:    s/Henry D. H. Olinde, Jr.
                                         Henry D. H. Olinde, Jr., T.A. (19085)
                                         Douglas S. Smith, Jr. (35326)
                                         OLINDE & MERCER, LLC
                                         8562 Jefferson Highway, Suite B
                                         Baton Rouge, LA   70809
                                         Phone (225) 240-7297
                                         Fax (866) 454-8139

                                         *Attorneys for Defendants, Waterworks District No. 4 of Ward Four, Occie Norton, Kenny Cochran, and Ollie L. Johnson, III*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record, who are as follows, by operation of the Court's electronic filing system, and/or by this date depositing same in the United States Mail, first class postage prepaid, and sent to their last known address as follows:

Maurice L. Tynes
Attorney at Law
4839 Ihles Road
Lake Charles, LA 70605

Baton Rouge, Louisiana, this 21st day of March, 2016.

s/ Henry D. H. Olinde, Jr.
HENRY D. H. OLINDE, JR.
